The plaintiff is the testator's son David, mentioned in said will. The testator's son Benjamin, mentioned in said will, hath legally (41) conveyed his estate, held under said will, to the plaintiff.
The jury found a verdict for the plaintiff, and the counsel for the defendant moved for a new trial. Whereupon the court ordered the case to be sent to the Supreme Court. If the Supreme Court should think, upon the construction of said will, that the plaintiff is entitled to recover, then judgment is to be given for him; if he is not entitled to recover, then a new trial is to be granted.
From the will referred to in this case it appears the testator devised to his daughter Sarah a negro girl Nanny, and to his wife a negro woman Fanny, the mother of Nanny. By another clause the testator devises to his daughter Nancy the first child Fanny should have; and in case Fanny has no other child, devises her to Nancy. By a further clause the testator devises in these words: "That if Fanny should have three children more, that they belong to my two youngest daughters, Sarah and Nancy, two apiece, including Nanny already given; and *Page 34 
all the rest (should she have more than three children, and my said daughters get two apiece) to be equally divided between Benjamin and David." In the latter part of the will the testator makes a further devise, as follows: "That should Fanny have three children, so that my two (evidently meaning two daughters) get two apiece, then, at my wife's death, Fanny and the rest of her children to be the property of David and Benjamin."
The necessary effect of every devise or legacy is to vest immediately, if not controlled, or otherwise limited. As soon, therefore, as three children were born, they became vested in the daughters, and they then had, according to the expressions of the will, "two apiece," including Nanny.
Fanny, and the rest of her increase, then became vested in Benjamin and David, which the after death of one of the issue of Fanny, then living, could not alter or affect; and the widow, to whom Fanny's (42) issue is devised by implication for life, being dead, and it being stated in the case that Benjamin hath legally conveyed to the plaintiff, we are of opinion he is entitled to recover.
NOTE. — See Conner v. Satchwell, 20 N.C. 72.